UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CLINTON RILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04616-JMS-MJD |
| | ) | |
| KEITH BUTTS,[1] | ) | |
| | ) | |
| Respondents. | ) | |

**ENTRY DENYING PETITION FOR A WRIT OF HABEAS
CORPUS AND CERTIFICATE OF APPEALABILITY**

Petitioner Clinton Riley was convicted in 2001 on charges of rape, criminal deviate conduct, and battery in the Marion County Superior Court. Mr. Riley served a term of imprisonment and was released on parole and required to register as a sex offender. Mr. Riley was later arrested and returned to prison for violating the terms of his parole, and he remains incarcerated.

Mr. Riley's petition for a writ of habeas corpus challenges several aspects of his parole and sex offender classification. For the reasons that follow, the petition must be denied, the action must be dismissed with prejudice, and no certificate of appealability shall issue.

**I. Factual and Procedural Background**

---

[1] Because Mr. Riley is presently confined at the New Castle Correctional Facility, the Court has substituted Keith Butts—the warden of that facility and Mr. Riley's current custodian—as the respondent. *See* Rules Governing Section 2254 Cases in the United States District Courts, § 2(a) ("If the petitioner is currently in custody under a state-court judgment, *the petition must name as respondent the state officer who has custody*.") (emphasis added). The **clerk is directed** to update the docket to reflect that Mr. Butts is the respondent.

Mr. Riley was charged in July 2000 with two counts each of rape and criminal deviate conduct and one count of battery. Dkt. 18-1 at 1–2. Following a jury trial in April 2001, Mr. Riley was convicted of all charges. *Id.* at 6–7. The following month, Mr. Riley was sentenced to a prison term totaling 30 years. *Id.* at 8.

Mr. Riley was released on parole on or about November 15, 2017. Dkt. 18-3 at 1–2. On December 14, 2017, Mr. Riley filed his petition and initiated this habeas action. The petition challenges several aspects of his parole and sex offender classification.

On December 21, 2017, Gwen Horth of the Indiana Parole Board issued a warrant for Mr. Riley's arrest on grounds that he violated the conditions of his release. Dkt. 18-2 at 5. Specifically, Mr. Riley failed to report to counseling as required by the terms of his sex offender classification and parole. *See id.* at 2–3. Following a hearing on February 14, 2018, the Indiana Parole Board found that Mr. Riley violated the conditions of his parole, revoked parole, and ordered that he be returned to the Indiana Department of Correction to serve the remainder of his sentence in prison. Dkt. 32-1. Mr. Riley remains incarcerated at the New Castle Correctional Facility.

After reviewing Mr. Riley's petition and the respondent's initial submission, the Court ordered additional briefing. *See* dkt. 31. The Court identified the grounds for relief raised in the petition and specifically directed the respondent to address (1) whether each ground affected Mr. Riley's "custody" within the meaning of 28 U.S.C. § 2254, and (2) whether Mr. Riley has exhausted his available state court remedies with respect to each ground.

The parties have filed their supplemental briefs. For the reasons explained before, Mr. Riley's petition must be denied.

## II. Applicable Law

Two basic principles are critical in habeas cases. First and foremost, a federal court may grant habeas relief only if the petitioner demonstrates that he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). As a result, a claim for habeas relief becomes moot if it can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Second, a federal court may grant habeas relief only if the petitioner "has exhausted the remedies available in" state courts. 28 U.S.C. § 2254(b)(1)(A). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus . . . is the duty to fairly present his federal claims to the state courts." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025–26.

Unfortunately, the respondent's briefing has addressed the issue of exhaustion only with respect to the revocation of Mr. Riley's parole. Of course, Mr. Riley filed his petition before his parole violation took place and two months before his parole was revoked. The issues raised in his petition reach the revocation of his parole only peripherally, and the respondent's submissions do not explain what (if any) actions Mr. Riley took in state court to challenge the fact or duration of his parole or sex offender classification.

Additional briefing on the exhaustion issue is not necessary, however, because those claims that cannot be easily resolved based on mootness or exhaustion can be easily resolved on their merits. *See Brown v. Watters*, 599 F.3d 602, 610 (7th Cir. 2010) (holding that because procedurally defaulted claims lacked merit, the Court could bypass a "difficult" actual innocence claim and address the defaulted claims on the merits); *see also Miller v. Mullin*, 354 F.3d 1288, 1297 (10th

3

Cir. 2004) (declining to address whether certain claims were procedurally defaulted because, "[i]n the interest of judicial economy, . . . the case may be more easily and succinctly affirmed on the merits") (internal quotation omitted).

### III. Discussion

The Court has identified four claims for relief in Mr. Riley's petition. Among these, two clearly fail on their merits, one is moot because it does not affect the fact or duration of Mr. Riley's custody, and one is procedurally defaulted.

**A.      Ex Post Facto Law**

Mr. Riley argues that he was unconstitutionally subjected to a parole term of ten years. According to Mr. Riley, Indiana law in effect at the time he was convicted authorized maximum parole terms of two years. Dkt. 1 at p. 2, ¶ 4(a). As a result, he argues, his parole term violates the U.S. Constitution's prohibition against the passage of *ex post facto* laws.

"No State shall . . . pass any . . . *ex post facto* Law." U.S. Const. art. I, § 10. "[A]n ex post facto law retroactively defines criminal conduct or changes the punishment for a crime to the detriment of the defendant." *United States v. Hemmings*, 258 F.3d 587, 594 (7th Cir. 2001). "A statute is retroactive for purposes of the *ex post facto* clause if it redefines or changes the penalty for a crime committed before the law went into effect." *Johnson v. Madigan*, 880 F.3d 371, 376 (7th Cir. 2018) (citing *Hemmings*, 258 F.3d at 594).

Based on documents filed in Mr. Riley's previous litigation in this Court, the Court takes judicial notice of the fact that the actions for which Mr. Riley was convicted took place on July 4, 2000. *See* case no. 1:10-cv-00600-JMS-MJD, dkt. 21-5, at 4. At that time, Indiana law prescribed that, when a person classified as a sex offender completed his term of imprisonment, he "shall be placed on parole for not more than ten (10) years." Ind. Code § 35-50-6-1(d) (1999) (reflecting

4

amendments applied through June 15, 1999). For purposes of that provision, a sex offender was defined as "a person convicted in Indiana after June 30, 1994, of" any of ten offenses, including rape and criminal deviate conduct. Ind. Code § 5-2-12-4 (1999) (reflecting amendments applied through June 15, 1999).

It is beyond dispute that the law at the time of the action of which Mr. Riley was convicted allowed him to be sentenced to a parole term of up to ten years. Therefore, there is no tenable argument that his parole term was applied contrary to the *ex post facto* clause.

**B.  Double Jeopardy**

Mr. Riley next argues that the mere fact that he was placed on parole violates the Fifth Amendment's protection against double jeopardy. Dkt. 1 at p. 5, ¶ i. "No person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The double jeopardy clause "protects a defendant against repeated prosecutions or multiple punishments for the same offense." *United States v. Cornelius*, 623 F.3d 486, 496 (7th Cir. 2010). However, it is settled law that "[i]mposition of a sentence . . . which specifically provides for a special parole term in addition to a term of imprisonment, does not amount to multiple punishment in violation of the Fifth Amendment." *United States v. Counts*, 691 F.2d 348, 349 (7th Cir. 1982). Mr. Riley's sentence falls into precisely this situation and therefore does not conflict with the Fifth Amendment.

**C.  Sex Offender Classification**

Mr. Riley argues that he was classified as an "offender against children" erroneously and without due process. Dkt. 1 at p. 8, ¶ e. However, the Court may not consider this argument in reviewing a petition for a writ of habeas corpus.

The starting point for all habeas actions is that a federal court can only grant relief to a petitioner who is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). "[G]iven the habeas statute's 'in custody' requirement, courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas." *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008). Mr. Riley has not presented any authority permitting the Court to conclude that his registration requirement affects the fact or duration of his "custody" within the meaning of § 2254. Therefore, the question of whether he was subjected to that registration requirement in violation of his rights is moot, *White*, 266 F.3d at 763, and must be dismissed for lack of jurisdiction, *see Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

**D.     Constitutionality of Conditions of Parole and Sex Offender Classification**

Finally, Mr. Riley argues that several conditions of his parole and sex offender classification violate various constitutional rights. *See* dkt. 1 at p. 8, ¶ e. Once again, these are claims that the Court cannot entertain in reviewing Mr. Riley's habeas petition.

As discussed above, Mr. Riley's sex offender classification does not affect the fact or duration of his "custody" within the meaning of § 2254. Therefore, the Court may not—as part of this habeas action—hear any challenge to that classification or any of the conditions that accompany it.

With one exception, the same principle precludes the Court from reviewing challenges to the conditions of Mr. Riley's parole. Now that Mr. Riley's parole has been revoked, he is no longer subject to those conditions, and they no longer affect the fact or duration of his custody. As a result, any issue arising from those conditions is now moot.

Mr. Riley is presently imprisoned for violating the condition of his parole that required him to report to counseling. Although this condition affects his custody, he failed to exhaust the remedies that are available to challenge that violation (and the condition underlying it) in state court.

Indiana Post-Conviction Rule 1(1)(a)(5) provides a remedy by which a person can challenge revocation of his parole. There is no indication that Mr. Riley has initiated a post-conviction proceeding to challenge the revocation of his parole—much less exhausted the additional remedies available to him through Indiana's appellate courts. Although the purpose of Mr. Riley's habeas petition is not to challenge the revocation of his parole—again, his parole was not revoked at the time he filed his petition—Indiana Post-Conviction Rule 1(1)(a)(5) presents a state court remedy by which he may challenge the constitutionality of the condition that led to the revocation of his parole. And Mr. Riley's failure to utilize that remedy prevents this Court from considering this claim for habeas relief.

This is not a case where denying a habeas claim because it is unexhausted "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

Mr. Riley's parole was revoked on February 14, 2018. Mr. Riley's last day to file a properly exhausted habeas claim would therefore be February 13, 2019—five months from now. But that deadline will be tolled while Mr. Riley has a properly filed state post-conviction action pending.

Therefore, if Mr. Riley acts diligently to exhaust his state court remedies, he will still have approximately five months to bring a habeas action challenging the constitutionality of the parole condition that resulted in his reimprisonment.

In general, courts have found that a petitioner's right to federal review is not at risk when he has at least 60 days remaining on his federal clock within which to initiate the state court exhaustion process and return to federal court after completing it. *See Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004) (petitioner ought to be able to file application for state post-conviction relief within 30 days and return to federal court within 30 days after state court exhaustion is completed); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (same); *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001) (same).

Mr. Riley's time to refile exceeds the 60-day standard by three months. Therefore, denying Mr. Riley's unexhausted claim will not have the effect of denying him an opportunity to pursue federal habeas relief.

## IV. Conclusion

Clinton Riley's petition for a writ of habeas corpus does not present any claim on which this Court may grant him relief. For the reasons discussed above, Mr. Riley's petition must be **denied**. His *ex post facto* and double jeopardy claims are **dismissed with prejudice**; his constitutional challenge to the condition leading to the revocation of his parole is **dismissed without prejudice**; and his challenges to his remaining conditions of parole and the fact and conditions of his sex offender classification do not affect his custody and are **dismissed for lack of jurisdiction**. Finally, the **clerk is directed** to update the docket to reflect that Keith Butts is the respondent in this action. Judgment consistent with this Entry shall now issue.

## V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Riley has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 9/18/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

CLINTON RILEY
111204
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Ryan J. Guillory
OFFICE OF ATTORNEY GENERAL CURTIS HILL
ryan.guillory@atg.in.gov

Jarod Zimmerman
INDIANA ATTORNEY GENERAL
Jarod.Zimmerman@atg.in.gov